## No. 8865.

### BRIDGEFORD *v.* COLORADO FUEL & IRON COMPANY.

1. HIGHWAYS—*Injury by Seepage,* from a ditch, is not actionable unless the result of negligence in the construction or conduct of the ditch.

2. STATUTES—*Construed.* The statute provides that "no person shall erect any house or other structure or dig pits or holes", upon or in any highway, "or cause waste water from any ditch, etc., to flow in or upon any highway" (Rev. Stat., sec. 5826). Considering that to violate any of the provisions first quoted requires active causation, that the construction of ditches is a lawful enterprise, especially authorized by statute, that under other statutes the owner of a ditch is not liable for injuries to land by seepage (*North Sterling Ditch v. Dickman,* 59 Colo. 169) it was *held* that injury to a public highway by seepage from a ditch gives no action, unless negligence is shown.

*Error to Pueblo District Court, Hon. C. S. Essex, Judge.*

Mr. S. S. PACKARD and Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. CHAS. E. HERRINGTON, Mr. FRED HERRINGTON and Messrs. DEVINE & PRESTON, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

PLAINTIFF in error brought this action to recover damages upon account of personal injuries sustained upon a public highway in Pueblo County. His testimony discloses, that the defendant is the owner of a canal which crosses a draw, or ravine, at a point about a thousand feet from the highway at the point where the accident occurred; that in order to keep the canal on grade in crossing the draw, or ravine, it was constructed with a dike, making it higher than the top of the land; likewise, considerable higher than the roadway some thousand feet down the draw; that seepage has developed from the canal where it crosses the draw, or ravine; that it comes to the surface about half way between the canal and road, extending on down to and upon the roadway, as well as effecting about two acres of land in the ravine; that there is a two-plank culvert across the road in the draw, but regardless of this the seepage caused the road to be soft and muddy for some distance, in some places covering the surface of the road with water; that on the evening of November the 20th, 1913, plaintiff was driving a team of horses to a two-seated carriage with five occupants, including himself, along the highway; that when he came to this point (with which he was familiar, having repeatedly crossed it) near the culvert, one of the horses appeared to intersect a softer place than the other, or a hole of some kind, which caused him to give a jump, after which the front wheel on the right hand side intersected the soft place, going down quite a distance; that the horses gave a twist on the tongue, causing this wheel to come off of the buggy, also pulling the tongue and double-tree loose from the carriage; that the plaintiff held onto the lines, and was

pulled over the front of the carriage to the ground, which caused the injuries complained of. At the close of plaintiff's case, an instructed verdict was ordered for defendant.

The seepage from the canal onto the road having been established, plaintiff maintains that section 5826, Rev. Stats., 1908, makes the defendant liable. The section reads:

"No person or persons, or corporation, shall erect any fence, house or other structure, or dig pits or holes in or upon any highway, or place thereon any stones, timber, trees or any obstruction whatsoever, and no person or persons, or corporation, shall tear down, burn or otherwise damage any bridge of any highway, or cause waste water, or the water from any ditch, road, drain or flume, or other place, to flow in or upon any road or highway so as to damage the same, and any such person or persons, or corporation, so offending or violating any of the provisions of this section, or any of the sections of this act, for which there is no specific penalty provided, shall pay a fine of not less than ten (10) dollars, nor more than three hundred (300) dollars, for each offense, and a like fine of ten dollars for each day that such obstruction shall be suffered to remain in said highway, and shall also be liable to any person or persons, or corporation, in a civil action for any damages resulting therefrom; and it shall be the duty of the road overseer in the district in which such violation shall occur, to prosecute any person, persons, corporation or corporations violating the provisions of this act."

Plaintiff neither alleged nor attempted to prove negligence upon the part of the defendant in the construction, operation or maintenance of its canal.

Eliminating the question of plaintiff's alleged contributory negligence, was the purpose of this section to make the owner of a canal absolutely liable to any one for any damages occasioned by water seeping from its ditch to and upon a public highway, or was such liability intended to only cover cases where the seepage is caused by the negligent construction, operation or maintenance of the canal? We are of opinion that the liability was intended to be thus

limited.  The language used is, "cause waste water, or water from any ditch  *  *  *  or other place, to flow in or upon any road or highway so as to damage the same."  Without proof of negligence, we cannot agree that within the meaning of this section the defendant caused the water from its canal to flow in or upon the road.  This position is strengthened when we consider the preceding portion of the section which reads:

"No person  *  *  *  shall erect any fence, house or other structure, or dig pits.or holes in or upon any highway, or place thereon any stones, timber, trees or any obstruction whatsoever, and no person  *  *  *  shall tear down, burn, or otherwise damage any bridge of any highway."

It will be observed that to violate any of these provisions, it requires active causation, as one could not by inactivity commit any of them, hence, when we come to the latter clause "cause waste water, or water from a ditch to flow in or upon any road so as to damage it," which follows the language above quoted, requiring active participation, we cannot agree that the legislature, for the purposes of this act, intended the word "cause" to have a broader meaning than the word "shall" preceding it, that is, to the extent of not requiring action, an affirmative or wanton act, or in failing to act where required to the extent of being guilty of negligence.  In giving effect to this section, it is proper to take into consideration other sections of our statutes pertaining to canal companies, also the fact that the construction and operation of a ditch is a lawful enterprise expressly authorized by statute.  Section 993, Rev. Stats. 1908, provides,

"Every ditch company  *  *  *  shall be required to keep their ditch in good condition so that the water shall not be allowed to escape from the same to the injury of any  *  *  *  road, ditch or other property."

Section 3233, Rev. Stats., 1908, provides that the owner of any ditch for irrigation or other purposes shall carefully maintain the embankments thereof, so that the waters of such ditch may not flood or damage the premises of others, etc.  These sections were under consideration in *North*

*Sterling Irrigation Ditch v. Dickman,* 59 Colo. 169, 149 Pac. 97, Ann. Cas. 1916D, 973. The action was to recover damages to land occasioned by the seepage from a canal. It was held that the owner of the ditch is not liable for damages occasioned by seepage, unless attributable to negligence in the construction or operation of the ditch. In this case the sections last cited, as well as our constitutional provisions concerning the taking or damaging of property without payment of just compensation, were all considered. As applied to ditch companies, we find very little difference between the section relied upon here and those considered in the former case, and are of opinion that it was not intended by the adoption of this section to create any different rule concerning the liability of ditch owners, as to damages upon public highways, than is contemplated by the other sections as to damages to private property occasioned by the same cause. In this respect the ruling in *North Sterling Ditch v. Dickman, supra,* is applicable.

The judgment will be affirmed.

*Affirmed.*

Decision *en banc.*